**KOHLBERG v. GRAY et al.**
**No. 11278.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 10, 1953.

Decided Aug. 27, 1953.

Mr. Carl L. Shipley, Washington, D. C., for appellant.

Mr. Edmund E. Pendleton, Jr., Washington, D. C., also entered an appearance for appellant.

Mr. Joseph Kovner, Atty., Dept. of Justice, Washington, D. C., with whom Messrs. Charles M. Irelan, U. S. Atty. at the time of argument, Washington, D. C., and Edward H. Hickey, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, WILBUR K. MILLER and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

The complaint asked for a ruling that the plaintiff was improperly dismissed from his employment in the Veterans' Administration. He appeals from a summary judgment for the defendants.

Appellant was dismissed because in applying for appointment, on December 17, 1946, he answered "yes" to this question on the Civil Service Commission's Form 57: "Is the word 'honorable' or the word 'satisfactory' used in your discharge or separation papers to show the type of your discharge or separation?" The Board of Appeals and Review of the Civil Service Commission found that this answer was false and "evidence of fraud". This amounts to a finding of fraud.

There is no dispute about the underlying facts. On November 10, 1942, appellant did receive an "honorable" discharge (WDAGO Form 55) from enlisted status in the Army, but only in order to be commissioned a second lieutenant the next day. He did not return to civilian life until July 21, 1944, when he "reverted to inactive status" subject to Army recall. He was then given a report of separation on WDAGO Form 53 which contained the printed words "Honorable", "Dishonorable", and, "Other". None of these words was checked.

In September, 1944, appellant executed on the Civil Service Commission's Form 14 a "Veterans Preference Claim". In accordance with instructions on this form he submitted his Form 53 as well as his Form 55.

In January, 1945, appellant received a letter from the Adjutant General saying "By direction of the President, you are discharged effective this date from your temporary commission as 1st Lieutenant, Army of the United States." As appellant concedes, this letter effected his separation from the Army. He also concedes that this letter "did not in any way indicate the reason for my separation nor the nature of my discharge." It does not appear that he disclosed this letter, in or before, his application for employment.

██ The record fully supports the Commission's finding that appellant's statement in his application for employment was false and fraudulent. He said his discharge or separation "papers" used the word "honorable" or the word "satisfactory" to show the type of his discharge or separation. He did not limit this statement to any single paper. The statement was true only as applied to the so-called discharge of November 10, 1942, which neither returned him to civilian life nor separated him, except for one day, from the Army. The statement was false if applied to the paper of July 21, 1944, which did return appellant to civilian life although it did not separate him from the Army. The statement was false as applied to the letter of January, 1945, which did separate him from the Army. It is not for us to say whether the Commission's finding is correct; "where action is taken in removing from office an employee * * * in accordance with the requirements of the statute relating thereto * * * a court of law has no jurisdiction to inquire into the guilt or innocence of the employee as to the charges upon which he was removed." Levine v. Farley, 70 U.S.App.D.C. 381, 386, 107 F.2d 186, 191.

██ Appellant's appointment was not permanent or indefinite, but "subject to investigation". Accordingly his dismissal was not subject to the restrictions of the Veterans' Preference Act, 58 Stat. 390, § 14, 5 U.S.C.A. § 863. Kirkpatrick v. Gray, 91 U.S.App.D.C. 138, 198 F.2d 533. Valid regulations of the Civil Service Commission authorized his dismissal

for "Intentional false statements or deception or fraud in examination or appointment." 5 C.F.R. 2.104(4). "False statements" may be unintentional, but "fraud in examination or appointment" cannot be; "unintentional fraud in examination or appointment" would be a contradiction in terms. Thus "fraud" in the present context is exactly equivalent to "intentional fraud". It is therefore immaterial that the Commission did not use the redundant term, whether the regulations used it or not.

Affirmed.