**James KUTCHER, Appellant,**

v.

**Harvey V. HIGLEY, Administrator of Veterans' Affairs; Philip Young, George M. Moore, and Frederick J. Lawton, Members of the United States Civil Service Commission, Appellees.**

**No. 12831.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 10, 1956.

Decided April 20, 1956.

---

Miller, Circuit Judge, dissented.

Mr. Joseph L. Rauh, Jr., Washington, D. C., with whom Messrs. John Silard, New York City, and Daniel H. Pollitt, Washington, D. C., were on the brief, for appellant.

Mr. Benjamin Forman, Attorney, Department of Justice, with whom Mr. Leo A. Rover, U. S. Atty., and Messrs. Paul A. Sweeney and William W. Ross, Attorneys, Department of Justice, were on the brief, for appellees. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees.

Before PRETTYMAN, WILBUR K. MILLER, and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Our appellant is a disabled veteran who was employed in a clerical capacity in the Veterans' Administration. He was discharged from that employment because the Administrator of Veterans Affairs concluded there are reasonable grounds to believe he is disloyal to the United States [1] and there is reasonable doubt of his loyalty to the Government.[2]

The controversy was here once before.[3] The judgment of the District Court sustaining Kutcher's discharge was then reversed. After the remand further proceedings were had before the administrative agencies, including full hearing before the Boards having jurisdiction in the matter. As a result Kutcher was again discharged.

The second discharge was premised upon findings and an opinion of the Veterans' Administration Loyalty Board of Appeals submitted to the Administrator on April 20, 1953. The Board's conclusions were embodied in two documents. One was a brief (one printed page) report, which simply identified the case and said that "Following careful review

1. Exec. Order No. 9835, 12 Fed.Reg. 1935 (1947), 3 C.F.R. 129 (Supp.1947).

2. Exec. Order No. 10241, 16 Fed.Reg. 3690 (1951), 3 C.F.R. 431 (Supp.1951). And see Jason v. Summerfield, 94 U.S.

App.D.C. 197, 214 F.2d 273 (D.C.Cir. 1954), certiorari denied 348 U.S. 840, 75 S.Ct. 48, 99 L.Ed. 662 (1954).

3. Kutcher v. Gray, 91 U.S.App.D.C. 266, 199 F.2d 783 (1952).

of the entire evidence of record," the Board had concluded that reasonable grounds existed for the belief that Kutcher was disloyal and further that reasonable doubt existed respecting his loyalty. The other document was a long report (sixteen printed pages), in which the Board described the proceedings in detail and made extensive findings and conclusions in support of its final recommendation. Kutcher was not given a copy of this document until it was introduced as a defense exhibit[4] in the present proceeding in the District Court. However, in the record before that court, which is the record before us on this appeal, the long report stands as the statement of the reasons for Kutcher's discharge. The trial court granted a Government motion for summary judgment.

After the remand by this court upon Kutcher's first appeal, no change was made in the charges preferred against him. The charges were:

"a. Evidence of record of membership in the Newark Branch, Socialist Workers Party. The Socialist Workers Party is contained in the list of organizations named by the Attorney General on November 24, 1947, as within the purview of Executive Order No. 9835.

"b. Evidence of record of your employment in the Newark Branch Headquarters, Socialist Workers Party. The Socialist Workers Party is contained in the list of organizations named by the Attorney General on November 24, 1947 as within the purview of Executive Order No. 9835.

"c. Evidence of record of your financial pledge to 'The Militant'

Fund Drive. 'The Militant' is the official newspaper of the Socialist Workers Party.

"d. Evidence of record of your association and activity with persons, associations, movements, and groups designated by the Attorney General as subversive in nature."

Section 14 of the Veterans' Preference Act of 1944, as amended,[5] requires that a preference eligible "shall have at least thirty days' advance written notice * * * stating any and all reasons, specifically and in detail, for any such proposed [removal] action". In Deak v. Pace[6] and in Money v. Anderson[7] we held that a person in the classified civil service is entitled to such notice of the asserted reasons for his proposed discharge as will enable him adequately to prepare and present his defense to the charges.[8] The statute here involved contains as stringent requirements of specificity as does the statute which was involved in those cases.[9]

In Mulligan v. Andrews[10] we held, referring not only to the provisions of the statute relative to removal of employees from the classified civil service but also to the Civil Service Commission's regulations issued under that act, that only findings upon the charges, specifically identified, can constitute the "reasons" required to be stated in the ultimate adverse ruling. In substance this was a holding that the discharge of a classified employee must be based upon a charge preferred in advance. The employee must have a fair chance to defend himself upon the very grounds on which he may be discharged.

We come, then, to consider the long report of the Veterans' Administration

---

4. By reference attached to the Government's motion for summary judgment.

5. 58 Stat. 390 (1944), 61 Stat. 723 (1947), 5 U.S.C.A. § 863.

6. 88 U.S.App.D.C. 50, 185 F.2d 997 (1950).

7. 93 U.S.App.D.C. 130, 208 F.2d 34 (1953).

8. The same rule is implicit in Borak v.

Piddle, 78 U.S.App.D.C. 374, 141 F.2d 278, D.C.Cir.1944, certiorari denied, 1944, 323 U.S. 738, 65 S.Ct. 42, 89 L.Ed. 591.

9. Manning v. Stevens, 93 U.S.App.D.C. 225, 208 F.2d 827 (D.C.Cir.1953).

10. 93 U.S.App.D.C. 375, 211 F.2d 28 (1954).

Loyalty Board of Appeals. Our problem is whether the reasons for Kutcher's discharge therein stated could fairly have been anticipated from the charges preferred against him. The report showed that the charges were the result of F. B. I. reports and dealt very largely with Kutcher's membership and activity in the Socialist Workers Party. He admitted membership in the Party, indeed openly affirmed it. The report said that in view of the decision of this court upon the prior appeal the Board believed it advisable, if not requisite, that it be informed of the grounds upon which the Attorney General had listed the Socialist Workers Party, and that the Deputy Attorney General had transmitted a summary of the information in the hands of the Department of Justice which constituted the basis of the Attorney General's action. The information thus transmitted was set forth in the Board's report.

The Board examined the opinion of the Court of Appeals for the Eighth Circuit in Dunne v. United States,[11] in which case the court affirmed the conviction of eighteen members of the Socialist Workers Party for conspiracy to advocate the overthrow of the Government by force and to advocate insubordination in the armed forces. "This case," said the Board, "throws searching light on the character, nature, aims and purposes of the Socialist Workers Party." The Board said it did not draw an analogy between Kutcher and the defendants in the Dunne case or conclude it followed from his membership in the Party that there is reasonable ground for the belief he is disloyal. The Board was concerned with the Dunne case as throwing light upon the nature of the Party of which Kutcher was and is a member.

The Board was of opinion that Party membership alone would not warrant a finding adverse to Kutcher, if a showing were made that he was innocent of the subversive purposes and aims of the Party. It therefore addressed itself to the proposition: "Is this appellant, James Kutcher, aware of the purposes and methods advocated for the attainment of those purposes of the Socialist Workers Party in which he continues his membership and activity?" Finding a contradiction in Kutcher's statements as to the aims of the Party, the Board concluded his original answers more nearly reflected his true intent and understanding. It considered Kutcher's statement that the Communist Manifesto, as expressive of the views of Karl Marx, did not contemplate revolution or destruction by force and violence of our present constitutional government.

The Board found that Kutcher has been and is an active worker in the Party. The Board said:

"On the record before us, including the Attorney General's listing and viewed in the light of the decision of the U. S. Circuit Court of Appeals in the Dunne case, this Board is satisfied that the Socialist Workers Party advocates destruction of our present system of constitutional Government by force, if necessary, in the attainment of its Communist aims and purposes. Can one, who knowingly participates actively in the furtherance of such an organization over a period of years, stand without reasonable doubt as to his loyalty to our existing form of Government?" [12]

The Board said the view that Kutcher knowingly participated in activities

11. 1943, 138 F.2d 137, certiorari denied, 1943, 320 U.S. 790, 64 S.Ct. 205, 88 L. Ed. 476.

12. This key finding as to the purpose and program of the Party was made despite the ruling of the Chairman of the Board at the hearing that the Board would not in any sense undertake to try out the case of the character and nature of

the Socialist Workers Party as such. He stated the proposition a number of times, once saying: "Well, I want to make it clear right here that the Socialist Workers Party is not before us." He later made an ambiguous reservation on the point, saying the Board might consider evidence as to the nature of the Party for the purposes of this case. He

which would destroy, if necessary, by unconstitutional means our system of government, did not rest alone upon the fact of his membership in the Party. It discussed a speech made by Kutcher, reported *verbatim* in the official organ of the Party, and his admission that the newspaper report was correct; in the speech Kutcher made statements as to Lenin and the program of the Party. The Board recited that Kutcher said, under oath, he would not report to the F. B. I. a member of the Communist Party known by him to be such. The Board also pointed out that Kutcher's position in the Socialist Workers Party was as great as those of at least two of the defendants in the Dunne case.

The Board said it gave full consideration to Kutcher's service in and honorable discharge from the Army; he lost both of his legs in World War II as a combat infantryman. The Board also said no acts of disloyalty on Kutcher's part had been shown and his efficiency on the job had not been questioned.

To summarize briefly, the charges against Kutcher [13] were simply: he was a member of, employed by, and made a contribution to an organization listed by the Attorney General. The reasons he was discharged were: the Party was found to advocate the overthrow of the Government by unconstitutional means, and Kutcher was found to be aware of that aim and to support it consciously and actively.

■ No elaboration of the foregoing is necessary to demonstrate that the reasons stated in the report differ substantially from the charges made. Since only findings on the charges, specifically identified, can constitute reasons for removal, a reading of the charges must demonstrate the reasons for dismissal, assuming all the charges are sustained. This is not so here. The first charge was that Kutcher was a member in the Socialist Workers Party, which had been designated by the Attorney General as subversive. This court held in the prior appeal that this charge could not constitute a valid reason for dismissal. Thus findings thereon, even if made, would not have been sufficient. The second charge was that Kutcher had been employed at the Newark Branch of the Headquarters of the Socialist Workers Party. In its report the Board made a reference to such employment but merely related it as an item leading to the more important finding that Kutcher was in close association with the Newark Branch of the Party, knew practically all of the members of that Branch, and so could hardly help knowing the aims and purposes of the Party. Employment, then, was not a reason nor, standing alone, even an important detail of the reasons for dismissal. The third charge was that Kutcher had made a financial pledge to the fund drive of *The Militant,* an official newspaper of the Socialist Workers Party. No findings whatever were made specifically relating to this charge.

The fourth charge was that Kutcher associated and was active with persons, associations, movements and groups designated by the Attorney General as subversive. This charge was wholly vague. It might be taken merely as a summary of the three preceding charges. If so it adds nothing to the case against Kutcher. It might also be taken as a broad and sweeping charge embracing numerous unspecified activities and associations. If so it was too vague and lacks even the specificity this court held necessary in Deak v. Pace, supra. If findings were made relating to this charge they could not be sustained.

Under the rule in the Mulligan case, supra, the judgment of the District Court must be reversed.

We note again that the statement of the reasons for dismissal, as embodied in

---

ruled that counsel for Kutcher would be given an opportunity to address himself to the nature of the Party if he desired to do so. Counsel put to Kutcher some questions as to his belief concerning the aims of the Party, and he was cross-examined on that subject.

13. We refer here to the first three charges; we discuss the fourth later.

the report of the Board, was not furnished Kutcher in the ordinary course but came to him when it was filed by the Government as an exhibit in the civil action which Kutcher brought in the District Court. However in our view of the case it is unnecessary to discuss that point.

Reversed.

WILBUR K. MILLER, Circuit Judge, dissents.