Benjamin SCHER, Appellant,

v.

Sinclair WEEKS, Secretary of Commerce, Appellee.

No. 12827.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 6, 1956.

Decided Jan. 19, 1956.

Writ of Certiorari Denied June 4, 1956.

See 76 S.Ct. 1030.

Mr. Ford E. Young, Jr., Washington, D. C., with whom Mr. Josiah Lyman, Washington, D. C., was on the brief, for appellant.

Mr. Benjamin Forman, Atty., Dept. of Justice, with whom Messrs. Leo A. Rover, U. S. Atty., and Samuel D. Slade, Atty., Dept. of Justice, were on the brief, for appellee.

Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant, who was a civil service employee of the Department of Commerce, was discharged by the appellee, Secretary of Commerce, under the authority of section 304 of Act July 10, 1952, Public Law 495, 82d Congress, 66 Stat. 549, 567. This statute, no longer in effect, authorized the Secretary to terminate employment of any officer or employee of the Department, "whenever he shall deem such termination necessary or advisable in the best interests of the United States."

In the District Court appellant sought a decree holding the statute to be unconstitutional, declaring his removal illegal in any event, and requiring the Secretary to reinstate him. The District Court, after hearing, found that appellant was discharged upon a determination by the Secretary, acting pursuant to the statute, that in his absolute discretion he deemed it advisable in the best interests of the United States.[1] Judgment was entered for the Secretary.

The constitutionality of the statute is upheld by the reasoning of this Court in Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46, affirmed by an equally divided court, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352.[2] And since the Secretary complied with the statute the judgment must be

Affirmed.

1. The Court also concluded that the evidence did not support appellant's contention that the Secretary acted in an arbitrary or unreasonable manner.

2. It should be noted, however, that in the case at bar appellant's discharge carries no implication that he might be either disloyal or a security risk.