John S. SERVICE, Appellant,

v.

John Foster DULLES et al.,
Appellees.

No. 12958.

United States Court of Appeals
District of Columbia Circuit.

Argued April 13, 1956.

Decided June 14, 1956.

Mr. C. E. Rhetts, Washington, D. C., for appellant.

Mr. Donald B. MacGuineas, Atty., Dept. of Justice, with whom Mr. Paul A. Sweeney, Atty., Dept. of Justice, was on the brief, for appellees.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a judgment granting defendants' (appellees') motion for summary judgment.

Plaintiff (appellant) was formerly a Foreign Service officer, who was dismissed by action of former Secretary of State Acheson. Appellees are the present Secretary of State; members of the Civil Service Commission, and the former members of the Loyalty Review Board of the Civil Service Commission, established by Executive Order No. 9835, 5 U.S.C.A. § 631 note.

Appellant filed this suit to obtain a judgment declaring his discharge void and invalid; to obtain reinstatement to his employment and his salary from the date of his discharge to the date of his reinstatement; for the expunging from the record of statements reflecting that this dismissal had been on the ground that there was or is reasonable doubt as to his loyalty to the Government of the United States; and for certain other relief. On cross-motions for summary judgment, the District Court dismissed the case as moot as to the former members of the Loyalty Review Board of the Civil Service Commission as that Board had ceased to exist and, as to them, the action had abated; directed the Civil Service Commission to expunge from its record the Loyalty Review Board's finding that there was reasonable doubt as to appellant's loyalty to the Government of the United States; granted appellees' cross-motion for summary judgment and denied appellant's motion for summary judgment.

The record discloses that under date of March 24, 1950, the Chairman of the Loyalty Security Board of the Department of State notified appellant that a hearing had been scheduled under § 395 of the Regulations and Procedures of the Department of State to consider charges against him "with a view to making a recommendation to the Secretary of State whether or not, under the provisions of the Department of State Appropriation Act, 1950, Section 104, Public Law 179, 81st Congress, First Session,[1] your [his] employment in the Department should be terminated in the interest of the United States." The letter setting forth the notification of charges read in part as follows:

"Under date of March 21, 1947, the President issued Executive Order 9835 prescribing procedures for the administration of an Employee Loyalty Program in the Executive Branch of the Government. Under date of March 11, 1949, the Department of State promulgated regulations and procedures, a copy of which is attached, setting forth the revised loyalty and security principles and procedures relating to employees of the Department of State.

"In the course of investigations conducted pursuant to this loyalty and security program certain information has been received by the Department of State which, after initial consideration by the Loyalty Security Board of the Department of State, necessitates the formulation of a charge against you. * * * *"

The specific charges were appellant's disloyalty to the United States and the claim that he was a security risk.

1. Public Law 179, § 104, provides as follows: "Sec. 104. Notwithstanding the provisions of section 6 of the Act of August 24, 1912 (37 Stat. 555), or the provisions of any other law, the Secretary of State may, in his absolute discretion, during the current fiscal year, terminate the employment of any officer or employee of the Department of State or of the Foreign Service of the United States whenever he shall deem such termination necessary or advisable in the interests of the United States." 63 Stat. 456.

Following extensive hearings, the State Department Loyalty Board concluded that reasonable grounds did not exist for believing that appellant was disloyal to the United States and that he did not constitute a security risk to the Department of State. This was approved by the Deputy Under Secretary of State.

After the issuance of Executive Order No. 10241, amending the standard established by Executive Order No. 9835 for removal from employment on loyalty grounds, the Loyalty Security Board of the Department of State again considered appellant's case and determined that, under Executive Order No. 10241, 5 U.S.C.A. § 631 note, no reasonable doubt existed as to appellant's loyalty to the United States. This decision likewise was approved by the Deputy Under Secretary of State.

Thereafter, the Loyalty Review Board of the Civil Service Commission advised appellant that it would hold a new hearing based on the charges filed by the Department of State Loyalty Security Board; and, after intermediate proceedings, the Civil Service Commission Loyalty Review Board rendered its opinion holding that there was reasonable doubt about appellant's loyalty. The action subsequently taken by Secretary Acheson appears from his affidavit filed in the District Court, as follows:

"3. On that same day I considered what action should be taken in the light of the opinion of the Loyalty Review Board, recognizing that whatever action taken would be of utmost importance to the administration of the Government Employees Loyalty Program. I understood that the responsibility was vested in me to make the necessary determination under both Executive Order No. 9835, as amended, and under Section 103 of Public Law 188, 82d Congress, as to what action to take.

"4. Acting in the exercise of the authority vested in me as Secretary of State by Executive Order 9835, as amended by Executive Order 10241, and also by Section 103 of Public Law 188, 82d Congress (65 Stat. 575, 581), I made a determination to terminate the services of Mr. Service as a Foreign Service Officer in the Foreign Service of the United States.

"5. I made that determination solely as the result of the finding of the Loyalty Review Board and as a result of my review of the opinion of that Board. In making this determination, I did not read the testimony taken in the proceedings in Mr. Service's case before the Loyalty Review Board of the Civil Service Commission. I did not make any independent determination of my own as to whether on the evidence submitted before those boards there was reasonable doubt as to Mr. Service's loyalty. I made no independent judgment on the record in this case. There was nothing in the opinion of the Loyalty Review Board which would make it incompatible with the exercise of my responsibilities as Secretary of State to act on it. I deemed it appropriate and advisable to act on the basis of the finding and opinion of the Loyalty Review Board. In determining to terminate the employment of Mr. Service, I did not consider that I was legally bound or required by the opinion of the Loyalty Review Board to take such action. On the contrary, I considered that the opinion of the Loyalty Review Board was merely an advisory recommendation to me and that I was legally free to exercise my own judgment as to whether Mr. Service's employment should be terminated and I did so exercise that judgment. * * *"

The Supreme Court, in Peters v. Hobby, 1955, 349 U.S. 331, 75 S.Ct. 790, 794, 99 L.Ed. 1129, held that the power of the Loyalty Review Board of the Civil Service Commission was limited to "persons recommended for dismissal on grounds relating to loyalty by the loyalty board

of any department or agency." Accordingly, the District Court held that the decision of the Loyalty Review Board was a nullity in a case where (like the present one) no such recommendation for dismissal had been made.

The appellant argues that the discharge was unlawful because the Secretary's action must be sustainable on the grounds which he invoked to support it; further, "by relying 'solely' on the invalid finding of the Loyalty Review Board and failing to make an independent determination on all the evidence and by denying appellant an opportunity to appeal to him, the Secretary violated his own regulations prescribing the manner in which he would exercise his McCarran Rider [2] authority and thereby denied appellant the procedural and substantive guarantees of these regulations." It is also argued that the Secretary "exercised his discretion under the McCarran Rider, if at all, in an arbitrary and illegal manner in that he misapprehended the legal validity of the Loyalty Review Board finding on which he relied 'solely' and in that he failed to make an independent determination of his own that appellant's discharge was necessary or advisable in the interests of the United States."

Beginning in 1947 and continuing through the time covered by appellant's dismissal, Congress had enacted riders, all similar to Section 104, Public Law 179, quoted in note 1, supra, to the several appropriations acts covering the State Department, authorizing the Secretary of State to summarily dismiss officers and employees of that department "whenever he shall deem such termination necessary or advisable in the interests of the United States." [3]

The notice of termination of appellant's employment stated that such action was taken pursuant to the above quoted provision for summary dismissal *as well as* under Executive Order No. 9835, as amended by Executive Order No. 10241. The Secretary of State, in his affidavit filed in the District Court, stated that his action was taken under Executive Order No. 9835, as amended by Executive Order No. 10241, *and also* under Section 103 of Public Law 188, 82d Congress (the same provision as Section 104 of Public Law 179, 81st Congress, note 1, supra.)

█ As well expressed by Judge Curran, of the District Court:

"This Court cannot, of course, review the correctness of the former Secretary of State's determination. Its function is limited to determining whether any procedural requirement of the statute was violated in plaintiff's discharge.

"Under Public Law 188 there was one procedural requirement: that the Secretary of State must determine in his discretion that the termination of plaintiff's employment was necessary or advisable in the interests of the United States. That determination the former Secretary of State made.

"Plaintiff's contention that by virtue of the State Department's regulations he could not be dismissed under Public Law 188 unless the procedures prescribed by Executive Order 9835 were followed is without merit. It was not the intent of Congress that the Secretary of State bind himself to follow the provisions of Executive Order 9835 in dismissing employees under Public Law 188. This power of summary dismissal would not have been granted the Secretary of State by the Congress if the Congress was satisfied that the interests of this country were adequately protected by Executive Order 9835.

---

2. The term "McCarran Rider" has reference to section 104, Public Law 179, note 1, supra, and similar subsequent enactments.

3. We recently held a similar statute to be constitutional in the case of Scher ·v. Weeks, 1956, 97 U.S.App.D.C. 335, 231 F. 2d 494, certiorari denied 1956, 76 S.Ct. 1030.

"Under Public Law 188 plaintiff could have been summarily dismissed without notice of charges, hearing, or appeal."

The District Court then concluded that appellant was validly discharged under Public Law 188. Under the circumstances of this case, we must agree.

We also think that the District Court was entirely correct in directing the Civil Service Commission to expunge from its record the Loyalty Review Board's finding that there was reasonable doubt as to appellant's loyalty to the United States as, under the Peters case, supra, the action of that Board was a nullity.[4]

The judgment of the District Court is Affirmed.

---

4. It is only fair to add that since the finding of the Review Board is a nullity, and since appellant's discharge is sustained only under Public Law 188, the following quotation from note 2 in Scher v. Weeks, supra, would seem equally applicable in this case: "It should be noted, however, that in the case at bar appellant's discharge carries no implication that he might be either disloyal or a security risk."