Francis P. KERR, Appellant,

v.

Wendell B. BARNES et al., Appellees.

No. 13037.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 19, 1956.

Decided Nov. 29, 1956.

Mr. Byron N. Scott, Washington, D. C., for appellant.

Mr. Bernard Cedarbaum, Attorney, Department of Justice, for appellees. Mr. Oliver Gasch, U. S. Atty., and Messrs. Paul A. Sweeney and John J. Cound, Attorneys, Department of Justice, were on the brief for appellees. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees.

Before EDGERTON, Chief Judge, and PRETTYMAN and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant Kerr was employed as an Industrial Specialist in an office of the Small Defense Plants Administration. He was in the classified civil service, GS–13, and was a veterans' preference eligible. In 1953, pursuant to an act of Congress,[1] a Small Business Administration was created. At the same time the Small Defense Plants Administration was terminated. In the process Kerr was released from employment. He brought this action for restoration. On cross motions for summary judgment, supported by affidavits, the District Court rendered judgment for the defendants.

In his own affidavit Kerr said that the duties he had been performing were transferred to the new Small Business Administration. In the decision of the Civil Service Commission upon the appeal in the matter, a copy of which was attached to the Government's motion in the District Court, the Commission ruled that the 1953 act established a new agency, the Small Business Administration, "to absorb the functions of the Small Defense Plants Administration." The act provided:

"Sec. 218. (a) The President may transfer to the [Small Business] Administration any functions, powers, and duties of any department or agency which relate primarily to small-business problems."[2]

It seems to be clear that at least some functions of the Small Defense Plants Administration were transferred, either by the act or pursuant to it, to the new Small Business Administration.

The Civil Service Commission, in the decision just referred to, ruled:

"After full consideration, the Commissioners have decided that subsection 218(b) of the Small Business Act of 1953 was sufficient to permit selections of persons for transfer from the Small Defense Plants Administration, during the period of its liquidation, to the Small Business Administration, without regard to procedures based on provisions in section 12 of the Veterans Preference Act."

The statutory provision mentioned by the Commission (subsection 218(b)) was as follows:

"The President may also provide for such transfers of records, property, and personnel from the Small Defense Plants Administration, during the period of its liquidation, as he considers appropriate to assist the Small Business Administration in carrying out its functions under this title."[3]

The Veterans' Preference Act contains the following provision:[4]

"That when any or all of the functions of any agency are transferred to, or when any agency is replaced by, some other agency, or agencies, all preference employees in the func-

---

1. 67 Stat. 232, 15 U.S.C.A. § 631 et seq.

2. 67 Stat. 239, 15 U.S.C.A. § 647.

3. 67 Stat. 239 [repealed by Act of Aug. 9, 1955, 69 Stat. 551].

4. 58 Stat. 390 (1944), 5 U.S.C.A. § 861.

tion or functions transferred or in the agency which is replaced by some other agency shall first be transferred to the replacing agency, or agencies, for employment in positions for which they are qualified, before such agency, or agencies, shall appoint additional employees from any other source for such positions."

Kerr says the latter provision required his transfer to the Small Business Administration when the functions he was performing were transferred to that agency. The Government says, as the Civil Service Commission said in its ruling, that Section 218(b) of the 1953 act, above quoted, permitted the selection of persons to be transferred. We agree with Kerr.

In the first place we think some clear statutory provision would have to be found to indicate an intention on the part of Congress to nullify the Veterans' Preference Act. The provision of the 1953 act is not such a clear provision. In the second place the language of the 1953 act is not apt to describe a selection of individual persons. It is apt to describe a transfer of groups, or types, or classes of personnel. The President of the United States is not the official ordinarily designated to select individual persons for transfer from one relatively minor administrative agency to another. He might well be the authority named to determine the general nature of the personnel to be utilized in a new agency. Furthermore this act says that the President may transfer such personnel "as he considers appropriate" to assist the new agency. The word "appropriate" is not an apt word to describe the basis for selection of individuals, but it is an apt and usual word to describe types or classes of personnel. We think Kerr was entitled to the treatment vouchsafed him by the Veterans' Preference Act.

The judgment of the District Court must be set aside. We are of opinion, however, that the final order in the case ought to be drawn by the trial court, perhaps after hearing. For that purpose the case is remanded to that court.