John J. McGINTY, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, et al., Appellees.

No. 13568.

United States Court of Appeals District of Columbia Circuit.

Argued April 17, 1957.

Decided Oct. 10, 1957.

Petition for Rehearing In Banc Denied Nov. 15, 1957.

---

Mr. Herbert J. Jacobi, Washington, D. C., with whom Messrs. F. Joseph Donohue and John P. Witsil, Washington, D. C., were on the brief, for appellant.

Mr. Donald B. MacGuineas, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub and Paul A. Sweeney, Atty., Dept. of Justice, were on the brief, for appellees.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Appellant McGinty was discharged from his position as an attorney in the Department of Justice "to promote the efficiency of the service," on the ground that he had failed to perform his duties in a satisfactory manner. He appealed the Department's action to the Civil Service Commission's Board of Appeals and Review. The Board affirmed. At appellant's request, the full Commission reviewed the discharge. It affirmed. He then sought a declaratory judgment in the District Court that he had been improperly removed and was entitled to reinstatement. The District Court, on cross motions for summary judgment, granted judgment for the defendants. This appeal followed.

Appellant claims (1) that he is a veteran entitled to the protections of Section 14 of the Veterans' Preference Act,[1] and (2) that he was not afforded those protections. The Government, in its briefs here and before both the Board of Appeals and Review and the Civil Service Commission, argues that appellant is not a veteran within the meaning of that Act. The record shows that appellant was drafted into the Army as an enlisted man in May of 1942. On August

---

1. 58 Stat. 390 (1944), 5 U.S.C.A. § 863: "No permanent or indefinite preference eligible * * * shall be discharged * * * except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge * * * is sought shall have at least thirty days' advance written notice * * * stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision * * *."

10, 1943, he received an "honorable discharge" in order to accept, on the next day, appointment as an officer. During his active service as an officer certain charges were filed against him, and in January of 1944 he was separated from the Army under conditions other than honorable.

■■ The Veterans' Preference Act is applicable to "those ex-servicemen * * * who have served on active duty in any branch of the armed forces of the United States, during any war, * * * and have been separated therefrom under honorable conditions." See 58 Stat. 387 (1944), 5 U.S.C.A. § 851. Appellant did not meet this last requisite. His service was continuous, and he was separated from it under conditions other than honorable. The "honorable discharge" which he received in August of 1943 did not mark the termination of his active duty, and is not controlling here. See Kohlberg v. Gray, 1953, 93 U.S.App.D.C. 97, 207 F.2d 35. It should be noted further that the regulations of the Veterans' Administration, the executive agency most expert in the problems arising after military service, are in harmony with the construction here adopted.[2] Thus, we hold that appellant was not entitled to the shelter of the Veterans' Preference Act. Furthermore, the particular post he occupied was one which was excepted from the classified civil service. Accordingly, he cannot claim privileged status under the Lloyd-LaFollette Act.[3] Nor is the Performance Rating Act of 1950[4] applicable, since he was discharged on specific charges of incompetence. Thomas v. Ward, 1955, 96 U.S.App.D.C. 302, 225 F.2d 953, certiorari denied 1956, 350 U.S. 958, 76 S.Ct. 348, 100 L.Ed. 833; Jones v. Hobby, 1955, 96 U.S.App.D.C. 53, 223 F.2d 345.

We should not be understood as holding that appellant and persons similarly situated are completely without protection against arbitrary discharge. We think it well to point out that appellant's discharge was effected in a basically fair manner: the Department of Justice afforded him a reasonable opportunity to defend himself against carefully articulated written charges. And a reading of the record convinces us that the Appeals Examining Office of the Civil Service Commission held a fair hearing. Cf. Baughman v. Green, 1956, 97 U.S.App. D.C. 150, 229 F.2d 33; Washington v. Summerfield, 1955, 97 U.S.App.D.C. 105, 228 F.2d 452; Williams v. Cravens, 1954, 93 U.S.App.D.C. 380, 210 F.2d 874.

Appellant's other allegations of error, including alleged interference by the Department of Justice with the Civil Service Commission's deliberations, are irrelevant under our approach to the case. However, we do not wish to be understood as having overlooked these allegations, or as considering them to be other than serious and important. We simply do not reach them in this case.

Affirmed.

2. See 38 C.F.R. § 3.62 (1956): "The discharge of a service person to accept appointment as a commissioned or warrant officer * * * is a qualified and conditional discharge and does not constitute a termination of the person's war service for compensation and pension purposes. The entire service in such case constitutes one period of service, and the conditions of final termination of active service will govern and determine basic eligibility to compensation or pension." The Civil Service Commission, charged with the administration of the Veterans' Preference Act, takes the view that this appellant and persons similarly situated are entitled to the benefits of the Act. We accord much weight to the view taken by that agency, but cannot agree with it.

3. 37 Stat. 555 (1912), 5 U.S.C.A. § 652: "No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing."

4. 64 Stat. 1098 (1950), 5 U.S.C.A. § 2001 et seq.