William Vincent **VITARELLI**, Appellant,

v.

Fred A. **SEATON**, Secretary of the Interior of the United States, et al., Appellees.

No. 13702.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 30, 1957.

Decided Feb. 13, 1958.

---

Fahy, Circuit Judge, dissented.

Mr. Clifford J. Hynning, Washington, D. C., for appellant.

Mr. Donald B. MacGuineas, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, and Mr. Paul A. Sweeney, Atty., Dept. of Justice, were on the brief, for appellees.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a suit by a former Government employee, seeking reinstatement and declaratory relief.

Plaintiff-appellant occupied a position in the Department of the Interior, designated "Education and Training Specialist," which was excepted from the classified civil service. In early 1954, after some three years of employment, he was suspended by the Secretary of the Interior on charges (among other things) (1) that he was a member of, affiliated with, or in sympathetic association with, the Communist Party, (2) that his behavior, activities and associations tended to show that he was not reliable or trustworthy, and (3) that he had "deliberately misrepresented, falsified or omitted material facts" in answering, under oath, questions addressed to him in 1952 by the Interior Department Loyalty Board. The charges were purportedly made pursuant to the Act of August 26, 1950, 5 U.S.C.A. § 22–1 (1952), and Executive Order No. 10450, 5 U.S.C.A. § 631 note, 18 Fed.Reg. 2489 (1953). Plaintiff-appellant filed an answer, together with some forty-four affidavits. He was given a hearing before a Security Hearing Board. Appellant was present in person, and had the services of counsel. He was not confronted with any witnesses. Certain confidential information was not disclosed to him. At the hearing, the Government attorney stated that appellant was not charged with disloyalty, and that the "question is only whether he is a security risk." Some weeks after the hearing, the Secretary of the Interior made findings sustaining the charges, and dismissed appellant. A rehearing was granted, and additional testimony taken. Reinstatement, however, was refused. Suit was then commenced in the District Court. The Government, as explained in the concluding paragraph of this opinion, thereafter issued a new notice of termination of appellant's employment, and expunged its records of adverse findings. Summary judgment was requested by the Government, and granted. This appeal followed.

Appellant's principal contention is that he must be reinstated because—as the Government admits—the position he occupied was not a sensitive one, and accordingly the Act of 1950 and Executive Order No. 10450 could have no application to him, under the doctrine of Cole v. Young, 1956, 351 U.S. 536, 76 S. Ct. 861, 100 L.Ed. 1396. The question is, then, whether Cole requires his reinstatement.

The decision of the Supreme Court in Cole was based on the traditional responsibility of the courts to insure that Government employees sought to be dismissed are given the benefit of all procedural protections required by statute or regulation.[1] The Court laid down no general prohibition of dismissals on security or loyalty grounds. On the contrary, the Court said:

"In interpreting the 1950 Act, it is important to note that the Act is

---

1. See also Service v. Dulles, 1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed. 2d 1403 (non-compliance with regulation) ; Peters v. Hobby, 1955, 349 U.S. 331, 75 S.Ct. 790, 99 L.Ed. 1129 (non-compliance with Executive Order No. 9835, 5 U.S.C.A. § 631 note). For examples in this court see Kerr v. Barnes, 1956, 100 U.S.App.D.C. 51, 242 F.2d 24; Kutcher v. Higley, 1956, 98 U.S.App.D.C. 278, 235 F.2d 505; Haynes v. Thomas, 1956, 98 U.S.App. D.C. 131, 232 F.2d 688; Burrell v. Martin, 1955, 98 U.S.App.D.C. 33, 232 F.2d 33; Flanagan v. Young, 1955, 97 U.S. App.D.C. 119, 228 F.2d 466; Mulligan v. Andrews, 1954, 93 U.S.App.D.C. 375, 211 F.2d 28; Money v. Anderson, 1953, 93 U.S.App.D.C. 130, 208 F.2d 34. See also Powell v. Brannan, 1952, 91 U.S. App.D.C. 16, 196 F.2d 871, and cases cited.

not the only, nor even the primary, source of authority to dismiss Government employees. The general personnel laws—the Lloyd-LaFollette and Veterans' Preference Acts [5 U.S.C.A. §§ 652, 863]—authorize dismissals for 'such cause as will promote the efficiency of the service', and the ground which we conclude was the basis for petitioner's discharge here—a reasonable doubt as to his loyalty—was recognized as a 'cause' for dismissal under those procedures as early as 1942. * * * Thus there was no want of substantive authority to dismiss employees on loyalty grounds, and the question for decision here is not whether an employee *can* be dismissed on such grounds but only the extent to which the summary *procedures* authorized by the 1950 Act are available in such a case." 351 U.S. at pages 543–544, 76 S.Ct. at page 866. (Emphasis in original.)

■ The inquiry in Cole was, therefore, a procedural one. The plaintiff in that case was a veteran. Notwithstanding that fact he was denied the protections and procedures of the Veterans' Preference Act. The Supreme Court held that he should have been given the benefits of that Act and remanded the case to the District Court for appropriate proceedings. Similarly, in Service v. Dulles, 1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403, the dismissed employee was an officer in the Foreign Service of the United States "and as such was entitled to the protection of the Foreign Service Act of 1946, as amended. 22 U.S.C. § 801 et seq. [22 U.S.C.A. § 801 et seq.]" 354 U.S. at page 371 note 12, 77 S.Ct. at page 1156. As the Supreme Court pointed out, the procedures required by that Act were not afforded to him. When the Supreme Court held that the action which the Government had taken in an effort to dismiss Service was invalid, it thus became clear (as was true in Cole) that if the Government wished to press its charges once more it must do so under the required statutory procedure. In the case at bar the petitioner had no prescribed tenure of office and is not a veteran, nor a member of the Foreign Service, nor in any other specially-protected group. He is not a member of the classified civil service and accordingly is not entitled to such protection as the Lloyd-LaFollette Act gives. 37 Stat. 555 (1912), 5 U.S.C.A. § 652 (1952). Nor, of course, is he entitled to the procedural protections provided by the Act of August 26, 1950, which has no application to him.[2]

■ Persons situated as was the appellant are, we may assume, entitled to be free from dismissal on unconstitutional or flagrantly arbitrary grounds. Wieman v. Updegraff, 1952, 344 U.S. 183, 191, 192, 73 S.Ct. 215, 97 L.Ed. 216; McGinty v. Brownell, 1957, 101 U.S.App. D.C. 368, 249 F.2d 124. But no such dismissal occurred here. Dismissal on loyalty or security grounds certainly is not unconstitutional *per se*; the Supreme Court's language in Cole refutes any contention of that sort.[3] And the treatment accorded appellant was in no way arbi-

---

**2.** Where the Executive extended—by Executive Order No. 10450—the provisions of the 1950 Act to employees in sensitive positions who might not, under that Act standing alone, be entitled to the procedural protections outlined in the Executive Order, this court held the Government to observance of those protections. Haynes v. Thomas, supra note 1 (probationary employee in Navy Department held entitled to protections of Executive Order No. 10450). But where, as here, the employee is not in a position declared sensitive, the 1950 Act and the Executive Order are inapplicable to him,

under the rule in Cole. The decision in Service v. Dulles, supra note 1, relied on by appellant, is not pertinent unless statutes or regulations "were indeed applicable and were violated." 354 U.S. at page 373, 77 S.Ct. at page 1157.

**3.** This court has said: "It is our clear opinion that the President, *absent congressional restriction*, may remove from Government service any person of whose loyalty he is not completely convinced." Bailey v. Richardson, 86 U.S.App.D.C. 248, 267, 182 F.2d 46, 65, *affirmed by an equally-divided court* 1951, 341 U.S. 918,

trary, or lacking in due process. See Bailey v. Richardson, supra note 3, 86 U.S.App.D.C. at page 260, 182 F.2d at page 58. He was given written charges, and an opportunity to answer them, together with a hearing. This was more than he was entitled to under any statute or regulation applicable to persons of his employment status.

 It is true, as appellant urges, that an administrative order "cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." Securities and Exchange Commission v. Chenery Corp., 1943, 318 U.S. 80, 95, 63 S.Ct. 454, 462, 87 L.Ed. 626.[4] But, as the Supreme Court made clear in the second Chenery case, the courts will disturb the agency's conclusion "only if it lacks *any* rational and statutory foundation." Securities and Exchange Commission v. Chenery Corp., 1947, 332 U.S. 194, 207, 67 S.Ct. 1575, 1582, 1760, 91 L.Ed. 1995. (Emphasis supplied.) In this case there was clearly a "rational" foundation for the Secretary's dismissal of appellant. There was also a sufficient "statutory" foundation— the constitutional power of the Executive to dismiss subordinates: a power not limited in the present instance by statute or regulation.[5]

 For these reasons, we find that appellant was legally discharged, even though the proceedings were improperly labelled as being brought under the authority of the Act of 1950 and Executive Order No. 10450. He was not deprived —in contrast to the situation in Cole and Service—of any procedural right or protection to which he was entitled. It may be noted, too, that one of the grounds of dismissal furnishes a clear basis for the Secretary's action, quite apart from the questions raised by the appellant. Charge 3 against appellant reads as follows:

"3. Your behavior, activities and associations tend to show that *you are not reliable or trustworthy*, and the facts above alleged furnish reason to believe that *you have deliberately misrepresented, falsified or omitted material facts* in connection with your said behavior, activities and associations, and these facts also furnish reason to believe that you may be subjected to coercion, influence, or pressure which may cause you to act contrary to the best interests of national security." (Emphasis added.)

The charge of untrustworthiness and deliberate misrepresentation was found by the Secretary of the Interior to have been sustained on the evidence before him.

 There is no basis on which we can weigh the evidence, or conclude that the Secretary's action in dismissing appellant could not properly be rested on that ground. The power of the Executive to discharge for untrustworthiness or deliberate misrepresentation is beyond dispute, even under the here inapplicable Lloyd-LaFollette and Veterans' Preference Acts. See Williams v. Cravens, 93 U.S.App.D.C. 380, 381, 210 F. 2d 874, 875, certiorari denied sub nom. Williams v. Robbins, 1954, 348 U.S. 819, 75 S.Ct. 30, 99 L.Ed. 646; Kohlberg v. Gray, 1953, 93 U.S.App.D.C. 97, 207 F.2d 35, certiorari denied 1954, 346 U.S. 937, 74 S.Ct. 377, 98 L.Ed. 425. And, so long as one[6] of the grounds announced ap-

---

71 S.Ct. 669, 95 L.Ed. 1352. (Emphasis added.)

In Cole and Service the Supreme Court held that there were "congressional restrictions" on dismissal which the Government had failed to observe. In the instant case there were no such restrictions.

4. We recently applied that rule where the Secretary of State relied exclusively on a particular regulation in denying a pass-

port to an applicant, but failed to make the findings which that regulation required. Boudin v. Dulles, 1956, 98 U.S. App.D.C. 305, 235 F.2d 532.

5. See footnotes 2 and 3, supra.

6. See Deviny v. Campbell, 90 U.S.App. D.C. 171, at page 174, 194 F.2d 876, at page 879, certiorari denied 1952, 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643. Cf. Kuhn v. Civil Aeronautics Board,

pears rational and proper, courts have refused to review the evidence or to examine the merits of the executive officer's finding.[7] It is not our function to decide whether appellant was or was not untrustworthy, or a "security risk."

■ An additional point remains. Appellant asserts that the Secretary's action illegally fastened upon him a "badge of infamy," which can be removed only by his reinstatement. We think, however, that the Secretary's mistaken reliance on the Act of 1950 and Executive Order No. 10450 does not require the relief appellant asks. The record shows that appellant's notice of termination, as originally issued, stated that action was "being taken in accordance with the provisions of Executive Order 10450." But, two years later, after suit had been brought in the District Court, a new notice was issued which omitted the quoted statement. An affidavit was also filed by an official of the Civil Service Commission stating that "all records of the said Commission have been expunged of all adverse findings made with respect to Mr. William Vincent Vitarelli under Executive Order 10450." We think that this voluntary action by the Government is equivalent to the maximum relief a court might have been justified in granting under all the circumstances of the case. See Peters v. Hobby, 1955, 349 U.S. 331, 349, 75 S.Ct. 790, 99 L.Ed. 1129; Service v. Dulles, 1956, 98 U.S.App.D.C. 268, 272, 235 F.2d 215, 219, reversed on other grounds

1950, 87 U.S.App.D.C. 130, 183 F.2d 839. The circumstance that the third ground of dismissal was intimately related to the first two grounds would seem immaterial here.

7. Keim v. United States, 1900, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Eberlein v. United States, 1921, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Levine v.

1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L. Ed.2d 1403.

Affirmed.

FAHY, Circuit Judge (dissenting).

The original termination action of the Secretary, effective September 10, 1954, was explicitly rested by him upon Executive Order 10450,[1] which in turn rested upon the Act of August 26, 1950.[2] This appears upon the face of the Secretary's "Findings and Final Determination" and from the "Notification of Personnel Action."

I cannot read Charge 3, referred to by the majority, or any finding of the Secretary based thereon, as in any sense independent of Executive Order 10450 or the Act of August 26, 1950.

It is conceded that under the decision of the Supreme Court in Cole v. Young, 351 U.S. 536, 76 S.Ct. 861, 100 L.Ed. 1396, said Executive Order and Act did not authorize the Secretary's action in this case. Accordingly, the basis for the original termination disappears, and with it the validity of that termination.

On October 12, 1956, a second "Notification of Personnel Action" was delivered to appellant. This in terms purported to terminate the employment as of the date of the original termination, September 10, 1954, and was not based upon Executive Order 10450 or the Act of August 26, 1950. But this action of course could not relate back as attempted, and at most could be effective only as of the time it was taken, October 12, 1956.

Farley, 1939, 70 App.D.C. 381, 107 F. 2d 186, certiorari denied 1940, 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519; Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364, certiorari denied 1949, 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507.

1. 18 Fed.Reg. 2489 (1953).

2. 64 Stat. 476, 5 U.S.C. § 22–1 (1952), 5 U.S.C.A. § 22–1.