Robye M. JOYCE, individually and as Administratrix of the Estate of Edward M. Joyce, deceased, Appellant,

v.

Byron N. SCOTT, Creditor, Appellee.

No. 14552.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 10, 1959.

Decided March 19, 1959.

Mr. Thomas J. Pearson, Washington, D. C., for appellant.

Mr. Richard A. Mehler, Washington, D. C., with whom Messrs. George J. Goldsborough, Jr., and Charles P. Hovis, Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant is the widow and Administratrix of the Estate of her late husband, Edward M. Joyce. Appellee is an attorney who claimed the status of a creditor of the Estate on account of legal services rendered to Joyce in the prosecution of his suit arising from his allegedly unlawful discharge from federal employment in 1953. As Joyce's widow, appellant received $20,479.41 "on account of salary due Edward M. Joyce as an employee of the Small Business Administration * * * on date of death November 16, 1956, for the period from October 12, 1953 to November 16, 1956." The District Court ordered the widow to account for the moneys so received by her. Appellant alleges error in the District Court's failure to apply 5 U.S.C.A. §§ 61f and 61g.[1]

---

1. 64 Stat. 395. Pertinent language reads: "In order to facilitate the settlement of the accounts of deceased civilian officers and employees of the Federal Government and of the government of the District of Columbia (including wholly owned and mixed-ownership Government corporations) all unpaid compensation due such an officer or employee at the time of his death shall be paid to the person or persons surviving at the date of death, in the following order of precedence, and such payment shall be a bar to recovery by any other person of amounts so paid:

"First, to the beneficiary or beneficiaries designated by the officer or employee in writing to receive such compensation filed with the Government agency in which the officer or employee was employed at the time of his death, and received by such agency prior to the officer's or employee's death;

"Second, if there be no such beneficiary, to the widow or widower of such officer, or employee; * * * *"

§ 61g "For the purposes of sections 61f–61k of this title the term 'unpaid compensation' means the pay, salary, or allowances, or other compensation due on account of the services of the decedent for the Federal Government or the government of the District of Columbia. * * * *"

No beneficiary had been designated by Joyce. Thus if the pertinent language of § 61 governs as appellant claims, she as Joyce's widow is entitled to retain the entire amount already paid to her. On the other hand, if the moneys must be paid into the Estate, such assets must first respond to the claims of creditors including that of the appellee. Next, under the District of Columbia Code,[2] the widow will receive only one-third of any balance remaining, for the decedent had children, him surviving.

Appellant's decedent was a Veterans Preference Eligible when discharged in 1953. His suit for reinstatement was filed May 14, 1954. Co-pending was a similar action commenced by one Kerr wherein summary judgment was granted for the defendants, and appeal followed. Cross motions for summary judgment having been filed in Joyce's case, counsel for both parties stipulated that the law "is the same as that in Kerr v. Barnes." Thereupon Judge Youngdahl entered an order "that the final determination of Kerr v. Barnes shall also govern the instant controversy." Appellee Scott here argued the Kerr case on October 19, 1956.[3] Joyce died intestate on November 16, 1956. Appellant asked for appointment as Administratrix on January 30, 1957, her petition alleging only a "claim" for unpaid salary due to her late husband's wrongful discharge.

Following her appointment, the Administratrix filed on May 22, 1957, an inventory listing as the only asset and as undetermined, the claim for "back salary still pending and under consideration." On November 14, 1957, the Comptroller General transmitted a Treasury check to "Robye M. Joyce as widow of Edward M. Joyce, deceased" as above noted, and "in settlement of said claim(s)."

Following an order to show cause entered on motion of the appellee as a creditor, appellant asked discharge of the rule showing that there were no funds belonging to the Estate, she as Administratrix had never employed appellee, he had rendered no service in behalf of the Estate, and that her own counsel had represented her in pressing "her claim as widow of decedent" and the money so paid in settlement of the back salary claim belonged to her personally and not to the Estate.

The District Judge ruled as a matter of law that the sum in question was an asset of the Estate, and that § 61f, supra, did not apply since there had been no determination at the time of decedent's death "that the decedent was entitled to anything."

Appellee argues in the same vein that § 61, supra, cannot apply for it had not been determined that any unpaid compensation was "due" to Joyce "at the time of his death." He urges that "due" be construed narrowly to mean here, as it often does in the law, an obligation which is fixed and matured. Joyce had not established his right to the office he formerly had held. Not until the Kerr case had been decided was there an obligation upon the Government to pay compensation nor was Joyce in position to demand payment or enforce collection. He was not an employee. At most he could pursue such rights as were conferred by 5 U.S.C.A. § 652(b)(2).[4] Thus the argument runs.

No provision is made in § 652(b)(2) for a payment to a beneficiary if one entitled to its benefits shall die before an actual determination in his favor shall

---

2. D.C.Code, § 18–703 (1951) provides in pertinent part:
   "If there be a widow * * * and a child or children * * * the widow * * * shall have one-third only."

3. We reversed and set aside the judgment of the District Court and remanded. Kerr v. Barnes, 1956, 100 U.S.App. D.C. 51, 242 F.2d 24.

4. 5 U.S.C.A. § 652(b)(2) in pertinent part reads:
   "Any person who is discharged * * * under section 863 of this title, who * * * is reinstated or restored to duty on the ground that such discharge * * * was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge * * * for the period for which he

be made. That omission, appellee would have us say, leads to the conclusion that sums which may *become* payable in accordance with the section must be paid to the decedent's estate.

We cannot accept these contentions. Section 652(b)(2) must be read in its entirety with all of § 61f and 61g. Thus, § 652(b)(2) requires that upon a determination of eligibility for reinstatement the restored employee *"shall for all purposes * * * be deemed to have rendered service during such period."* (Emphasis supplied.) He is to be treated "for all purposes" as though he had never been severed from his preferred employment status.

His situation thus viewed is that of an employee throughout the period of severance. Thereupon § 61f first provides a method of settling the Government's accounts in terms of compensation unpaid at the time of the employee's death. Section 61g defines "unpaid compensation" as the pay or salary due on account of services rendered the Government. Section 652(b)(2) speaks of compensation payable just as though the employee had never been discharged so that he shall "for all purposes" be deemed to have rendered services within § 61g. Thus § 652(b)(2) specifies what is "due" and creates a matured, fixed obligation upon the Government to pay for services.

Moreover, if an employee shall not have designated a beneficiary, under the prescribed priorities the widow comes next, just as other succeeding categories are specified. Only if there be none to qualify does the statute direct payment to the decedent's legal representative.

In the circumstances shown, we deem it beyond peradventure that the statute requires payment to the widow. We are bound to reverse and remand, leaving as in the Kerr case, the actual framing of the order to the District Court. We are in no position to pass upon the merits of appellee's claim for services. Both in the Kerr case upon which Joyce's action turned and in behalf of Joyce, the legal position for which he contended has prevailed. We can say only that our action is without prejudice to his taking whatever appropriate steps may be open to him.

Reversed and remanded.

received no compensation with respect to the position from which he was discharged * * * and shall for all pur-

poses except the accumulation of leave be deemed to have rendered service during such period."