**Diane C. I. RUNKLE, Appellant,**

v.

**NONG KIMNY, Appellee.**

**No. 14639.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 30, 1959.

Decided April 23, 1959.

[*] Sitting by designation pursuant to Section 294(a), Title 28, U.S.Code.

Messrs. Charles S. Rhyne and J. Parker Connor, Washington, D. C., with whom Mr. Charles A. Dukes, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Robert E. Sher, Washington, D. C., with whom Mr. James H. Heller, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from two orders of the District Court, one granting summary judgment for plaintiff [appellee] in sums aggregating $58,700.00, and the other denying defendant's [appellant's] motion for leave to file a counterclaim, and from judgment on the order for summary judgment.

Prior (on October 8, 1954) to the filing of the present action in the District of Columbia, plaintiff filed a complaint against defendant and her husband in the United States District Court for the Eastern District of Virginia for a money judgment. In material part the complaint alleged that defendant and her husband were jointly and severally liable to plaintiff for moneys loaned in the amount of $58,700.00. Defendant's answer in that suit admitted "being indebt-

ed to the plaintiff in the sum of $24,700.-00," but denied as false the claim of $34,000.00.[1] Trial of that suit was set for April 21, 1955.

On April 16, 1955, the Virginia suit was dismissed with prejudice, the order of dismissal signed by the court reciting that the defendant, Diane C. I. Runkle, had effected a full compromise settlement with plaintiff. The terms of the settlement agreement were not set out in the order, and, as will be seen, a dispute now exists as to its terms.

On April 14 and 15, 1955, defendant executed two notes payable to plaintiff in the amount of $34,000.00 and $24,-700.00, respectively, payable six months after date, the latter note bearing interest at the rate of six per cent per annum, the $34,000.00 note bearing no interest. No payments were made on either note, and on June 17, 1957 plaintiff instituted the present action to recover the sum of $58,700.00, representing the face amount of the two notes, plus interest at six per cent per annum on the $24,700.00 note.

Defendant filed answer on September 12, 1957, admitting her indebtedness to plaintiff in the sum represented by the $24,700.00 note and contending that its execution was the sole consideration for the settlement of the civil action brought by plaintiff in the Eastern District of Virginia. Defendant's answer further alleged that the execution of the $34,-000.00 note was without consideration and was obtained by plaintiff by fraud and duress, and that that note was not part of the consideration for the compromise and settlement of the civil action in Virginia.

On March 27, 1958, after the taking of depositions, plaintiff moved for summary judgment on the ground that the pleadings showed no genuine issue of material fact with respect to defendant's liability on either note.

On May 7, 1958, the day the motion for summary judgment was scheduled for hearing, defendant moved for leave to file a counterclaim in the amount of $25,000.00 for services rendered to plaintiff during the period commencing January 1952 and ending December 1953. On May 21, 1958 the court entered the orders appealed from denying defendant's motion and granting plaintiff's motion for summary judgment as to both notes. Final judgment was entered on May 23, 1958, adjudging that plaintiff recover of defendant the sum of $58,-700.00 with interest at six per cent per annum from April 15, 1955 amounting to $4,569.50, on the sum of $24,700.00, or a total of $63,269.50, in addition to costs. This appeal followed.

Defendant argues that the District Court erroneously granted plaintiff's motion for summary judgment with respect to the $34,000.00 note in that defenses asserted by her raised genuine and material issues of fact. Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., with respect to proceedings on motion for summary judgment, provides in material part:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Although mere unsupported general allegations or denials will not ordinarily defeat the granting of summary judgment, in cases such as is involved here, where the allegations are founded upon private dealings between the opposing parties, it is not required that such allegations or denials be further supported by affidavits or other documents. In the case before us, we have more than mere general assertions.

Defendant contends that she executed the $34,000.00 note without consideration and upon the request of plaintiff, in order that he might "save face" with his attorneys. In addition, defendant contends that plaintiff threatened to

---

1. Defendant's husband entered a denial of the entire claim.

cause her husband to lose his job, to prevent her children from admittance to good schools, and in general to do harm to both her and her children. Defendant has gone further than merely alleging fraud and duress; she has asserted facts which, if proven, would support her defense as to this note. Plaintiff denies these allegations.

In addition to the foregoing, there are other pertinent facts. The two notes were executed at different times and places. The $34,000.00 note did not bear interest; it was executed and delivered privately in the sole presence of plaintiff and defendant without the knowledge of defendant's then attorney. In fact, that attorney states—and this is not denied in the record before us:

"The full and complete consideration for this dismissal, insofar as I was aware, was the giving by Mrs. Runkle to the plaintiff, through his attorney, O. R. McGuire, Esquire, of a note for $24,700.00. I prepared this note, on April 15, 1955, which was signed by Mrs. Runkle on that date, and on the afternoon of that date I met Mr. McGuire at the Clerk's Office of the United States District Court here in Alexandria, where I delivered to him the note, received from him a note in the identical sum which Mrs. Runkle had herself executed and given to the plaintiff a few weeks before, and Mr. McGuire and I endorsed the Dismissal Order, and left it with the Clerk for presentation to the Court."

Plaintiff himself testified that the $34,000.00 note was given directly to him by the defendant and that he told his lawyer about the note later. The $24,700.00 note was handled between the attorneys for the several parties. These transactions, considered along with the allegations made by defendant, clearly evidence the existence of a genuine issue of material fact as to the $34,000.00 note.

■ Therefore, with respect to the $34,000.00 note, the order granting plaintiff's motion for summary judgment must be reversed. Since the foregoing ruling leaves one claim to be adjudicated, the judgment for $63,269.50 must likewise be reversed, and not modified, but without prejudice to the entry of a final judgment as to the $24,700.00 note if the District Court makes the certificate required by Rule 54(b).

Turning to the District Court's order denying defendant's motion for leave to file a counterclaim, we find no error.

■ Defendant urges that as plaintiff is entitled to diplomatic immunity, he being the Ambassador from Cambodia, she will not hereafter be able to urge the matters set forth in her counterclaim. The fact is, however, that she did have the opportunity in Virginia, in the year 1954, to urge her counterclaim and failed to do so. And again, in 1957, when her original answer was filed in the instant case, she made no effort to assert it. Thus, she had from October 8, 1954 to April 1955, in Virginia, to assert the counterclaim; and, in the District of Columbia, she could have raised the matter in her answer or within a reasonable time after its filing. Until the filing of the motion for leave to file a counterclaim on May 7, 1958, she never urged the subject matter of the counterclaim as a defense to plaintiff's claim, but, on the other hand, freely admitted her liability for the $24,700.00 claim, denying only the $34,000.00 item. In fact, her memorandum of points and authorities in opposition to plaintiff's motion for summary judgment filed April 8, 1958 (one month before her motion for leave to file a counterclaim), contains this language:

"1. Defendant acknowledges that she is indebted to plaintiff in the amount of $24,700 with interest at 6% per annum from April 15, 1955 and that there is no genuine issue of material fact with respect to defendant's liability for this amount. A genuine issue of material fact exists, however, with respect to defendant's liability for the additional sum of $34,000 claimed by plaintiff.

Plaintiff's motion for summary judgment should therefore be denied."

Rule 13(f) of the Federal Rules of Civil Procedure provides:

"*Omitted Counterclaim.* When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

Obviously the District Court found no oversight, no inadvertence nor excusable neglect; it obviously found that justice did not require the allowance of the amendment.

■ Bearing in mind that the purpose of the Federal Rules of Civil Procedure is to afford the litigant a just, inexpensive and speedy trial of issues, it cannot be said that the District Court abused its discretion in denying defendant leave to file the counterclaim.

We affirm the order denying the motion to file counterclaim.

Affirmed in part; reversed in part.