Murray H. INGALLS, Appellant,

v.

Eugene M. ZUCKERT, Secretary of the
Air Force, Appellee.

No. 16788.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 11, 1962.

Decided Oct. 25, 1962.

Mr. Donald H. Dalton, Washington, D. C., for appellant.

Mr. Daniel A. Rezneck, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant, an Air Force major with 14 years' service and an outstanding war record,[1] was given the choice under Air Force Regulation 35–66 of resigning for the good of the service or facing a general court martial. Acting without counsel in the 72 hours allowed him, he chose to resign. Alleging failure on the part of the Air Force to afford him "the opportunity of consulting legal counsel regarding the advisability of submitting [his] resignation,"[2] he asks this court to reverse the summary judgment granted below denying him reinstatement.

Air Force Regulation 35–66, at least by implication, required that appellant be afforded the opportunity to consult with legal counsel before making his decision. Failure to comply with its own regulation would render appellant's resignation void.[3] On this question, the

1. Including 40 combat missions and numerous medals.

2. This language is in the form letter (Attachment 3, AFR 36–12) required by AFR 35–66 (July 23, 1956) to be used in submitting a resignation under that regulation. Appellant signed this form letter including the statement that he had "been afforded the opportunity." An amendment to AFR 35–66 requiring the appointment of counsel, though promulgated before appellant's resignation was accepted, did not become effective until five days later.

3. It is not necessary to determine whether appellant was entitled to consult coun-

evidence now of record presents a factual issue.[4] Consequently, summary judgment was improvidently granted.[5]

In view of this disposition, we do not reach the other issues raised by appellant. Respondent's laches defense is without merit.

Reversed.

sel as a matter of right since "the Secretary * * * was bound by the regulations which he himself had promulgated for dealing with such cases * * *." Vitarelli v. Seaton, 359 U.S. 535, 540, 79 S.Ct. 968, 3 L.Ed.2d 1012. See also Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403; McKay v. Wahlenmaier, 96 U.S.App.D.C. 313, 226 F.2d 35.

4. See Paroczay v. Hodges, 111 U.S.App. D.C. 362, 297 F.2d 439.

5. F.R.Civ.P., Rule 56; Runkle v. Nong Kimny, 105 U.S.App.D.C. 285, 266 F.2d 689; Evers v. Buxbaum, 102 U.S.App. D.C. 334, 253 F.2d 356.