Albert J. MASSMAN, Plaintiff,

v.

SECRETARY OF HOUSING & URBAN
DEVELOPMENT et al., Defendants.

Civ. A. No. 3383–69.

United States District Court,
District of Columbia.

Oct. 15, 1971.

Edward L. Merrigan, Smathers & Merrigan, Washington, D. C., for plaintiff.

Robert M. Werdig, Asst. U. S. Atty., Washington, D. C., for defendants.

## OPINION AND ORDER

RICHEY, District Judge.

Plaintiff, Albert J. Massman, seeks a declaratory judgment and mandatory injunction herein against defendants, the Secretary of Housing and Urban Development, Commissioner of the Federal Housing Administration and Chairman and Commissioners of the United States Civil Service Commission, fixing, declaring and determining his rights as a Veterans' Preference civil service employee of the United States to be restored to the position in the Montana office of the Federal Housing Administration from which he was suspended on May 12, 1966, and removed on June 10, 1966.

Plaintiff and defendants each filed Motions for Summary Judgment and advised the Court that there is no genuine issue as to any material fact herein. Said motions came on for hearing on September 8, 1971, and the Court having considered the pleadings herein, the statements of material facts submitted by the parties pursuant to Local Rule 9(h) and the exhibits filed in support of said motions, the points and authorities filed in support of same by each of the parties, and having heard oral argument of counsel, and the Court, having concluded that there are no genuine issues of fact involved in this case requiring a trial on the merits and that Plaintiff's Motion for Summary Judgment should be granted and Defendants' Cross-motion for Summary Judgment denied for the reasons stated in the Court's oral opinion of September 8, 1971, and the findings of fact and conclusions of law hereinafter set forth:

## FINDINGS OF FACT

1. During the periods from 1948 to February, 1955 and from 1961 to June 10, 1966, Plaintiff, Albert J. Massman, was a Veterans' Preference civil service employee of the United States employed by the Federal Housing Administration at its District office in Montana. During the period from 1948 to February, 1955, Plaintiff held consecutively the positions of Loan Examiner, Chief Loan Examiner and Executive Assistant to the Director of the Agency's Montana office. In February, 1955, Plaintiff resigned from the Federal service to engage in the real estate business, but in 1961 he was re-employed by the Federal Housing Administration as Director of its Montana office (Grade GS–14), a position he held until his removal on June 10, 1966.

2. On or about April, 1966, Plaintiff apparently incurred the enmity and displeasure of some of his superiors in the Federal Housing Administration, and, he was therefore, summoned to a meeting in Washington, D. C., where his superiors suggested that, in order to avoid trouble, Plaintiff should resign from his position. When Plaintiff refused to resign, the said superiors stated that charges would be prepared against him in Washington and that when same were ready, they would be utilized as a basis for plaintiff's removal from his position.

3. Plaintiff's superiors thereupon placed plaintiff on non-duty status effective April 21, 1966, and they directed him to remain out of the agency's office in Montana, although at that time no charges had been served on plaintiff and he had not received any formal or written notice of proposed suspension or removal.

4. Approximately 15 days later, i. e. on May 6, 1966, the Director of Personnel of the Federal Housing Administration in Washington sent plaintiff a five-page memorandum entitled *"Subject: Proposals to Remove and to Suspend."* Said memorandum stated the charges against plaintiff as follows:

"You are hereby given notice of the proposal to remove you from your position of Director not earlier than

30 days from the date on which you receive this notice. The charges against you are:

(1) Failure to exercise the qualities of leadership necessary to inspire loyalty, enthusiasm and integrity in your staff;

(2) Display of poor judgment in discharging your personnel management responsibilities; and

(3) Significant failures in promoting and maintaining effective personal working relationships with firms doing business with FHA."

5. The said memorandum thereupon concluded with the following advice regarding the agency's proposal to suspend plaintiff from his position prior to removal:

"You are further notified that it is proposed to effect your suspension not less than 72 hours following your receipt of this notice and to continue said suspension through the advance notice period for your proposed removal. Your suspension is proposed because the charges against you are of such nature and your position is such that your retention in an active duty status during the advance notice period for your proposed removal, would be detrimental to the interests of the FHA. * * *

"No decision to suspend you or to remove you has been made or will be made until after full consideration is given to any answer that you submit to the respective proposals."

6. On May 11, 1966, Plaintiff, while still under instructions to remain away from the agency's office, replied in writing and objected (a) to the proposed suspension and (b) to the prior action whereby he had been effectively suspended from his position on April 21, 1966, i. e. long before the aforementioned charges were served by the agency.

7. On May 12, 1966, the Federal Housing Administration made plaintiff's suspension final, such action being taken without any hearing.

8. On May 18, 1966, plaintiff, now formally suspended from his position and barred from the agency's offices, filed a written answer to the three charges which had been leveled against him and he requested a hearing before any decision was made to remove him from the federal service.

9. On May 26, 1966, the Federal Housing Administration, without holding any hearing, removed plaintiff from the service, such removal to be effective on June 10, 1966.

10. Plaintiff appealed and again requested a hearing. On June 22, 1966, plaintiff's superiors in the Federal Housing Administration designated an employee of that agency, Mr. Daniel F. Martini, as a "committee of one" to conduct the hearing requested by plaintiff. A hearing was held in August, 1966, but no report or recommendations were filed by Mr. Martini until March 7, 1967, a date approximately 10 months after plaintiff was removed from his position. Mr. Martini recommended that the agency's removal action be sustained.

11. Three days later, on March 10, 1967, the Commissioner of the Federal Housing Administration adopted Mr. Martini's report and sustained the removal action of his Director of Personnel.

12. Plaintiff thereupon appealed to the Seattle Regional Office of defendant Civil Service Commission. On September 18, 1967, the said Regional Office affirmed the agency's action and upheld plaintiff's removal from his position.

13. Plaintiff thereupon appealed to the Commission's Board of Appeals and Review in Washington. On February 7, 1968, the Board reversed the decision of the Commission's Regional Office and directed that plaintiff be restored to his position retroactively to June 10, 1966. The Board also ruled that the agency's suspension action against plaintiff was likewise unsustainable and unlawful, so the Federal Housing Administration was directed to cancel the said suspension

and to restore plaintiff to active duty and pay status for the period from May 16, 1966 to June 10, 1966.

14. In the course of its decision, the Board of Appeals and Review stated, at pages 3–5 of said decision:

"As a result of its review of the appellate record, the Board does not concur in the Seattle Region's finding that the agency's charges met the requirements of the Civil Service Regulations for specificity and detail. The three general charges * * * are vague and conclusory in nature. Moreover, the Board finds insufficient specific and factual supporting information in the advance notice with respect to any of the three charges to meet the regulatory requirements for specificity and detail.

"With respect to charge number 1, the statements furnished in support thereof are, in the main, conclusory in nature and clearly fail to provide the required specifics to afford the appellant a fair opportunity to join issue and defend against the charge. Furthermore, in the Board's judgment, there does not appear to be a clear relationship between the information purporting to support charge number 1 and the charge itself. In other words, the charge does not appear to fit the facts purporting to support it and vice versa.

"With respect to charge number 2, the examples furnished fail to identify the particular personnel management responsibilities in which the appellant allegedly displayed poor judgment, rendering it procedurally defective. Furthermore, in the Board's judgment the specifications standing alone, do not appear to describe recognizable offenses which could properly be considered as charges.

"With respect to charge number 3, significant failure in promoting and maintaining effective personal working relationships with firms doing business with the Federal Housing Administration, most of the statements purporting to support the charge appear to be vague, conclusory or conjectural in nature, and clearly fail to furnish the necessary specifics to afford the appellant a fair opportunity to defend against the charge. * *

"With respect to the above, the Board believes that a careful analysis of the agency hearing transcript leads to the inescapable conclusion that the appellant and his attorneys did not fully understand the charges."

15. Regarding the illegality of plaintiff's suspension, the Commission's Board of Appeals and Review went on to state at pages 6, 7 of its decision:

"With respect to appellant's suspension during the advance notice period from May 16, 1966 through June 10, 1966, the agency gave the following reasons for the suspension: 'Employee suspended during notice period because the nature of the charges against him and the nature of his position are such that his retention in an active duty status would be detrimental to the interests of the FHA.'

"Section 752.202 of the Civil Service Regulations provides that except in an emergency case, when circumstances are such that the retention of the employee in an active duty status in his position may result in damage to Government property or may be detrimental to the interest of the Government or injurious to the employee, his fellow workers, or the general public, an employee against whom adverse action is proposed is entitled to be retained in an active duty status during the notice period, the agency may suspend him.

"As indicated above, the agency suspended the appellant during the notice period 'because the nature of the charges against him and the nature of his position are such that his retention in an active duty status would be detrimental to the interest of the FHA.' However, the record does not show that the agency was unable to re-assign Mr. Massman, or that it was

unable to place him on leave with his consent. Furthermore, the Board of Appeals and Review finds that the nature of the charges which were advanced for the proposed removal action against Mr. Massman, and which were also the reasons for suspending him during the advance notice period, do not demonstrate 'an emergency case' within the meaning of the Civil Service Regulations, Sections 752.202 (d) and (e), sufficiently to have warranted denying the appellant retention in active duty status prior to the final decision on the proposed removal action. Accordingly, the Board of Appeals and Review disapproves the action whereby Mr. Massman was suspended from duty and pay for the period from May 16, 1966 through June 10, 1966."

16. Regarding the effect to be given to decisions of the Commission's Board of Appeals and Review, the Civil Service Commission's regulations state, at 5 C.F.R. 752.401(b):

"*Reversals of Adverse Actions* * * *.

(b) the decision of the Board is *final* and compliance with its recommendation for corrective action is mandatory." (Emphasis supplied.)

17. However, when the Board of Appeals and Review issued its last mentioned decision of February 7, 1968, and directed the Federal Housing Administration to cancel all adverse personnel actions against plaintiff and to reinstate him to the position from which he had been removed, the agency failed to comply. Instead, the Commissioner of the Federal Housing Administration wrote to the Civil Service Commission on February 19, 1968, stating:

"This refers to the February 7, 1968 decision of the Board of Appeals and Review in the matter of Albert J. Massman, former director of the Federal Housing Administration's Helena, Montana insuring office.

"We have carefully studied the analysis and findings presented by the Board in support of its decision, and have decided to request the Commissioners of the Civil Service Commission to reopen and reconsider the Board's decision in this matter. Our request to the Commissioners will be presented at an early date.

"In light of the above, no personnel action will be taken until we are advised by the Commissioners concerning our request."

18. Thereafter, on April 2, 1968, and without holding any hearing, defendant Civil Service Commissioners advised the parties they had "found a sufficient basis * * * to warrant a reopening and further review of the procedural issues in Mr. Massman's case."

19. More than 4 months later, on August 26, 1968, without holding any hearing, defendant Civil Service Commissioners wrote another letter to defendant Commissioner of the Federal Housing Administration stating that they had now "found the letter of charges dated May 6, 1966, included sufficient specificity and detail in support of charges 1, 2 and 3, to render each of those charges procedurally valid." The Commission thus "reversed the finding of the Board of Appeals and Review that charges 1, 2 and 3 failed to meet the regulatory requirements for specificity and detail"; they "rescinded the Board's recommendation that Mr. Massman be restored to the position from which he was removed"; and they remanded "the case to the Board for a decision on the merits of the charges."

20. In the same letter of August 26, 1968, however, the defendant Civil Service Commissioners "reaffirmed the decision of the Board of Appeals and Review with respect to the defective suspension action;" and during oral argument of the motions for summary judgment before this Court, counsel for defendants conceded that, in fact, defendant Commissioners merely found *only some of the reasons* asserted by the agency in support of its three charges against plaintiff to be sufficiently spe-

cific, while defendant Commissioners simultaneously found others not to be sufficiently specific.

21. In any event, upon remand from defendant Commissioners, their Board of Appeals and Review undertook an "adjudication of the merits" and without holding any hearing on the charges, rendered a decision dated November 21, 1968, wherein it ruled that "the charges and specifications (reasons) are fully supported and sustained by evidence of record." The Board thus sustained "the action of the Federal Housing Administration in removing Mr. Massman" from his position.

22. Plaintiff thereupon commenced the instant action, naming as defendants the Secretary of Housing and Urban Development, the Commissioner of the Federal Housing Administration and the Chairman and Commissioners of the Civil Service Commission because they possess the necessary power and authority to reinstate him to his position upon order of this Court in this action.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction over this action under Title 28 U.S.C. §§ 1331 and 1361 and is empowered to render a declaratory judgment herein under the provisions of Title 28 U.S.C. § 2201.

2. The Veterans' Preference Act, 5 U.S.C. § 7512(b) (1970), provides that a preference eligible employee against whom adverse action is proposed is entitled to advance written notice stating any and all reasons, specifically and in detail, for the proposed action and to a reasonable time for answering the notice "personally and in writing." In this case, plaintiff was removed from his position on the basis of a notice which did not, in the Court's opinion, state the reasons for the proposed action with sufficient specificity and detail; and plaintiff was effectively prevented from answering the notice personally by the agency's illegal suspension action and by its earlier instruction that plain-tiff remain away from the office during the removal proceedings. Accordingly, since the Federal Housing Administration did not follow the procedure laid down by Congress, plaintiff, a preference eligible employee, was removed from the service in violation of Title 5 U.S.C. § 7512(b) (1970). See Kutcher v. Higley, 98 U.S.App.D.C. 278, 235 F.2d 505 (1956); Money v. Anderson, 93 U.S. App.D.C. 130, 208 F.2d 34 (1953); Washington v. United States, 147 F. Supp. 284, 137 Ct.Cl. 344 (1957), cert. denied, 355 U.S. 801, 78 S.Ct. 6, 2 L. Ed.2d 19 (1958); Paterson v. United States, 319 F.2d 882, 162 Ct.Cl. 675 (1963).

3. Plaintiff's removal was also accomplished in violation of regulations of the Federal Housing Administration and those of the Civil Service Commission, and for that reason too the removal action is not sustainable. See Vitarelli v. Seaton, 359 U.S. 535, 546–547, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); Ingalls v. Zuckert, 114 U.S.App.D.C. 39, 309 F.2d 659 (1962); Powell v. Zuckert, 125 U.S.App.D.C. 55, 366 F.2d 634 (1966); Connelly v. Nitze, 130 U.S.App. D.C. 351, 401 F.2d 416 (1968). The three charges are not listed in the "Table of Miscellaneous Offenses" contained in the agency's "Handbook for FHA Employees" or in the table of offenses set forth in the Federal Personnel Manual, nor are they reasonably akin to those offenses which are listed in said tables for which notice is given that the penalty of discharge may be assessed to first offenders. Powell v. Zuckert, supra, 366 F.2d at page 639. See also Pelicone v. Hodges, 116 U.S.App.D.C. 32, 320 F.2d 754 (1963). Moreover, like the Veterans' Preference Act, the Civil Service Commission's regulations require that all advance notices of proposed adverse action must state all reasons, specifically and in detail, for the proposed action, and the charged employee must be given the right to answer personally and orally to a superior with authority to make or recommend a final decision on the proposed adverse action. 5 C.F.R.

752.202(a), (b) (1970). Here, the Federal Housing Administration failed to comply with these regulations and accordingly plaintiff was deprived of procedural due process of law and he was denied a full and fair chance to defend himself. *See* Kutcher v. Higley, *supra*; Mulligan v. Andrews, 93 U.S.App.D.C. 375, 211 F.2d 28 (1954) ; Money v. Anderson, 93 U.S.App.D.C. 130, 208 F.2d 34 (1953) ; Deak v. Pace, 88 U.S.App. D.C. 50, 185 F.2d 997 (1950) ; Burkett v. United States, 402 F.2d 1002, 185 Ct.Cl. 631 (1968) ; Blackmar v. United States, 120 F.Supp. 408, 128 Ct.Cl. 693.

4. Plaintiff is entitled to a declaratory judgment that his removal from the federal service was invalid and he is entitled to a mandatory writ directing that he be reinstated to his position as Director of the Montana office of the Federal Housing Administration as of June 10, 1966, the date of his unlawful removal, together with restoration of all rights, benefits and privileges that would have accrued from a continuity of service from the date of such unlawful removal to the present, Peters v. Hobby, 349 U.S. 331, 348, 349, 75 S.Ct. 790, 99 L.Ed. 1129 (1955) ; Paroczay v. Hodges, 219 F.Supp. 89, 94, 95 (D.D.C.1963) ; 28 U.S.C. § 1361 (1970) ; 5 U.S.C. § 7701 (1970) ; 5 C. F.R. §§ 752.401, 402 (1970) ; and, upon correction of the unlawful personnel action, plaintiff is entitled to an administrative settlement of his back pay claim for the period the unlawful removal action was in effect, such settlement to be in accordance with the provisions of the Back Pay Act, 5 U.S.C. § 5596 (1970).

By virtue of the foregoing Findings of Fact and Conclusions of Law, it is this 15th day of October, 1971,

Ordered, that plaintiff's Motion for Summary Judgment be and the same hereby is granted, and it is further

Ordered, that defendants' Cross-motion for Summary Judgment be and the same hereby is denied, and it is further

Ordered, declared, adjudged and decreed that the actions taken by the Federal Housing Administration of the Department of Housing and Urban Development to remove plaintiff, Albert J. Massman, from his position as Director of the Federal Housing Administration's office in Helena, Montana on June 10, 1966, were invalid and plaintiff is, therefore, entitled to be reinstated to said position as of June 10, 1966, the date of his unlawful removal, and to restoration of all rights, benefits and privileges that would have accrued from a continuity of service from that date to the present time; and upon correction of the unlawful personnel action, plaintiff is further entitled to an administrative settlement of his back pay claim for the period the unlawful removal action was in effect, such settlement to be in accordance with the provisions of the Back Pay Act (Title 5 U.S.C. § 5596) ; however, nothing herein shall be construed to constitute an award of a money judgment in favor of the plaintiff; and it is further

Ordered, adjudged and decreed that defendants the Secretary of Housing and Urban Development and Commissioner of the Federal Housing Administration, their agents, servants and employees be and the same hereby are directed to take any and all actions necessary forthwith to reinstate plaintiff Albert J. Massman to his position as Director of the Montana office of the Federal Housing Administration as of June 10, 1966, the date of his unlawful removal and to restore to plaintiff all rights, benefits and privileges that would have accrued to him from a continuity of federal service from June 10, 1966 to the present time; and, upon correction of the unlawful personnel action, to make every reasonable effort administratively to settle plaintiff's back pay claim for the period the unlawful removal action was in effect, such settlement to be in accordance with the provisions of the Back Pay Act (Title 5 U.S.C. § 5596).