In re PAGE ASSOCIATES and Virginia E. Page, Debtors.

PAGE ASSOCIATES and Virginia E. Page, et al., Plaintiffs,

v.

INTERSTATE GENERAL CORPORATION, et al., Defendants.

Bankruptcy Nos. 81–00674, 81–00673. Adv. No. A84–0218.

United States Bankruptcy Court, District of Columbia.

Oct. 30, 1984.

**12**

Jonathan B. Hill, John P. Schnitker, Dow, Lohnes & Albertson, Washington, D.C., for defendants.

Nelson Deckelbaum, Lawrence H. Fischer, Deckelbaum, Wolpert & Ogens, Washington, D.C., for debtors/plaintiffs.

ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

■ Upon consideration of the motion to strike defendant's counterclaim, and the opposition thereto, and the legal memoranda submitted by the parties, it appears to the Court that defendants have filed a counterclaim previously omitted from their answer, without first obtaining leave of Court pursuant to Federal Rules of Civil Procedure 13(f) and Bankruptcy Rule 7013. However, this Court finds it unnecessary to explore at this time the question whether, because the pleading was amended to include a counterclaim within 20 days after its first filing and before a responsive pleading was filed, Rules 15(a) and 7015 rather than 13(f) and 7013 would be held to apply in this Circuit, under *Runkle v. Kimny*, 105 U.S.App.D.C. 285, 266 F.2d 689 (1959), in light of an apparent conflict among Circuits. *Compare Stoner v. Terranella*, 372 F.2d 89 (6th Cir.1967) *with A.J. Industries, Inc. v. U.S. District Court, C.D.Cal.*, 503 F.2d 384 (9th Cir. 1974). Under either Rule, if leave of court is required, it should be freely given. In *Runkle*, our Court of Appeals, although citing only Rule 13(f) and not Rule 15(a), observed that the defendant "could have raised the matter [of a counterclaim] in her answer *or within a reasonable time after its filing*." [Emphasis added.] The plaintiffs in this case have not made the claim that they have been prejudiced because Rule 15(c) but apparently not Rule 13(f), permits "relation back" in order to defeat applicability of a limitations period.

■ NOW THEREFORE, treating defendants' opposition as incorporating a request for leave to file an amended answer incorporating a counterclaim if such leave is required, IT IS ORDERED that such leave is GRANTED; and it is further

ORDERED that, accordingly, plaintiffs' motion to strike defendant's counterclaim is DENIED.